UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sam Suk Choi, | Index No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Ki Tae Cho, and Jungok Cho aka coco, | |
| Defendants, | |

Plaintiff, Sam Suk Choi, through her attorneys, for her Complaint against Ki Tae Cho, and Jungok Cho (collectively "Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Connecticut Minimum Wage Law ("CMWA"), Conn. Gen. Stat. Sections 31-58 et seq., and the common law for Defendants' failure to pay overtime compensation to Plaintiff. During the course of her employment by Defendants, Plaintiff regularly worked over ten (10) hours per day and over forty (40) hours per week. Defendants failed to compensate Plaintiff minimum wage with overtime premium. Plaintiff further alleges that the Defendants' failure to pay overtime wages is willful and intentional.

## THE PARTIES

2. Defendants operate an illegal brothel in the state of Conneticut. Under the guise of a business called Sunshine Spa, they sell sex services to men who purchase admission ticket

to get in. Defendants collect money from the patrons in the form of admission fees and split fees the sex workers receive from the male customers.

3. Plaintiff was at all times relevant hereto an employee of Defendants.

4. Plaintiff was at all times relevant hereto an individual employed in the State of Connecticut by Defendants.

5. Plaintiff at all times relevant hereto resided in the State of New York.

6. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and CMWA, and the implementing rules and regulations of the FLSA and CMWA.

7. Plaintiff is filing this FLSA claim as an individual action for themselves.

8. Defendants operate Sun Shine Spa at 1358 Whalley Avenue New Haven, CT.

9. Defendants hired Plaintiff in New York and drove her to the Sun Shin Spa on about August 21, 2021.

10. All defendants are residents of Queens county, New York.

11. For the period commencing on or about August 21, 2021, until January 31, 2022, Plaintiff Sam Suk Choi regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

12. Ms. Choi typically rose at 3 a.m., commencing her work, and concluded her tasks by 9 p.m. This routine persisted every day of the week.

13. She worked more than 126 hours for 7 days per week and she was paid $1,100.00 per week.

14. Lacking a car, she was unable to venture out independently throughout the liability period.

15. Plaintiff was paid a fixed salary regardless of the hours she worked a day or a week.

16. Plaintiff performed for Defendants the said hours' work as an expressed condition of her continued employment.

17. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

18. Plaintiff performed manual labor at the spa for Defendants.

19. Plaintiff lived in Defendants' business during her employment period.

20. At 3 a.m., she started cleaning the building, spanning two floors, contained four rooms, a bathroom, and a sauna on each level. The plaintiff was responsible for cleaning all areas within the building. Additionally, she had to prepare breakfast for everyone including the sex workers by 8 a.m. While the manager had meals, the plaintiff worked at the front to receive customers. Lunch preparation was scheduled for noon, followed by dinner for other employees. After completing the dinner chores, she engaged in cleaning and could finally rest around 9 p.m.

21. Plaintiff was assigned to the said manual labor by Defendants.

22. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

23. Plaintiff did not have to supply her own tools and equipment in connection with her work for the Defendants.

24. Plaintiff was required to report to work for Defendants at a certain time.

25. Plaintiff could not set her own hours of work for the Defendants.

26. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

27. Plaintiff was a covered employee who engaged in commerce or the production of goods for commerce.

28. Defendants Ki Tae Cho and Jungok Cho are and were at all relevant times hereto engaged in the business of the illegal brothel.

29. Defendants Ki Tae Cho and Jungok Cho are and were at all relevant times hereto engaged in interstate commerce.

30. Defendants Ki Tae Cho and Jungok Cho managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

31. Defendants Ki Tae Cho and Jungok Cho participated in and approved the unlawful pay practices of the business Sun Shine Spa.

32. Defendants Ki Tae Cho and Jungok Cho were involved in assigning work to Plaintiff.

33. Defendants Ki Tae Cho and Jungok Cho had the power and authority to discipline Plaintiff.

34. Defendants Ki Tae Cho and Jungok Cho exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

35. Defendants Ki Tae Cho and Jungok Cho hired Plaintiff.

36. Defendants Ki Tae Cho and Jungok Cho were in charge of paying employees.

37. Defendants Ki Tae Cho and Jungok Cho told Plaintiff where to work and when to work.

38. Defendants employed Plaintiff to do work for them in the State of Connecticut.

39. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

40. Defendants provided the tools and equipment and materials for Plaintiff to do her job for Defendants.

41. Defendants held Plaintiff out as an employee.

42. Defendants employed and paid Plaintiff as their employees.

43. Defendants are employers within the meaning of the term as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the CMWA.

44. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

45. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

46. No exemption from overtime applies or applied to Plaintiff when she worked more than 40 hours in a workweek for Defendants.

47. Defendants failed to pay Plaintiff the overtime premium for all hours worked in excess of 40 hours per workweek.

48. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

49. Sun Shine Spa is doing business as Sun Shine Spa and is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

50. Upon information and belief, Sun Shine Spa has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

51. Upon information and belief, Sun Shine Spa, at all relevant times, was an employer as defined by FLSA and CMWA.

52. Defendants Ki Tae Cho and Jungok Cho are the owner of Sun Shine Spa.

## JURISDICTION AND VENUE

53. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28. U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

54. Venue is proper in the United States District Court, Eastern District of New York pursuant to 28 U.S.C. §1391 because all parties reside in Queens, New York.

## FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Minimum Wage)

55. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

56. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff.

57. Plaintiff was an employee within the meaning of 29 US.C. §§ 203(e) and 206(a).

58. Defendants were required to pay Plaintiff the applicable federal minimum wage rate.

59. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because inter alia:

   a. Defendants were required to but failed to inform Plaintiff of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

   b. made unlawful deductions from the non-exempt employees' pay, in violation of the FLSA, 29 U.S.C. § 203(m), and supporting regulations.

60. Defendants failed to pay Plaintiff the minimum wages to which they are entitled under the FLSA.

61. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

62. As a result of defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (CMWA - Unpaid Minimum Wage)

63. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

64. Defendants are employers within the meaning of the CMWA Conn. Gen. Stat.§ 31-58(e) and supporting Connecticut State Department of Labor Regulations, and employed Plaintiff.

65. Defendants failed to pay Plaintiff the minimum wages to which she is entitled under the CMWA.

66. Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

67. As a result of the Defendants' willful violations of the CMWA, Plaintiff is entitled to recover her unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

68. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

69. Defendants are required to pay Plaintiff one and one-half (1 ½ ) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

70. Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

71. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and FLSA Collective overtime wages.

72. Due to defendants' violations of the FLSA, Plaintiff was entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (CMWA- Unpaid Overtime)

73. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

74. Under the CMWA and supporting Connecticut State Department of Labor Regulations, defendants were required to pay Plaintiff one and one-half (1 ½ ) times the regular rate of pay for all hours she worked in excess of forty.

75. Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the CMWA. Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff overtime wages.

76. Due to the defendants' willful violations of the CMWA, Plaintiff is entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a) declaring that defendants have violated the minimum wage provisions of the FLSA and the CMWA;

b) declaring that defendants have violated the overtime wage provisions of the FLSA and the CMWA;

c) declaring that defendants have violated the spread-of-hours provisions of the CMWA;

d) declaring that defendants' violations of the FLSA and CMWA were willful;

e) awarding Plaintiff damages for unpaid minimum wages;

f) awarding Plaintiff damages for unpaid overtime wages;

g) awarding Plaintiff, liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the CMWA;

h) awarding Plaintiff, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

i) awarding Plaintiff, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the CMWA;

j) awarding Plaintiff, pre-judgment and post-judgment interest under the FLSA and the CMWA;

k) awarding Plaintiff, the reasonable attorneys' fees and costs pursuant to the FLSA and the CMWA; and

l) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: March 12, 2024

                                               /s/ Ryan Kim
                                               Ryan J. Kim
                                               Ryan J. Kim, Esq.

Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com